IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROLAND JETER-EL, JR., #211899
    Petitioner

            v.                 :      CIVIL ACTION NO. WDQ-12-1889

KATHLEEN GREEN
THE ATTORNEY GENERAL OF THE
  STATE OF MARYLAND
    Respondents

### MEMORANDUM OPINION

On June 25, 2012,[1] Petitioner Roland Hayes Jeter-El, Jr. filed the instant 28 U.S.C. § 2254 habeas corpus petition attacking his 1990 convictions for second-degree murder and related offense.[2] ECF No. 1. The Respondents have filed a limited answer, ECF No. 4, and Jeter-El has responded. ECF No. 6. The Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *see also* 28 U.S.C. §2254(e)(2). For reasons set forth herein, the Court shall dismiss the Petition as time-barred and deny a certificate of appealability.

I.    Procedural History

On November 1, 1990, Jeter-El was convicted of second degree murder and other crimes by a jury sitting in the Circuit Court for Prince George's County. ECF No. 4, Ex. 1 at 12. Sentence was imposed on December 12, 1990. *Id*. at 13. On October 28, 1991, the Court of Special Appeals of Maryland affirmed the judgment. *Id.* at 15. The Court of Appeals of Maryland denied further review on February 13, 1992. *Id.*

On February 6, 1991, Jeter-El filed a motion for reconsideration of sentence which was denied on August 19, 1999. *Id., Ex. 1 at 14, 18.* On September 1, 1998, Jeter-El filed an application for post-conviction relief in the Circuit Court for Prince George's County. *Id.* at 16. On May 2, 2000, he moved to withdraw his post-conviction petition. *Id.* at 19. On May 9, 2000, the Circuit Court granted the request. *Id.* at 19.

---

[1] The Petition is dated June 17, 2012, and thus deemed filed on that date. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States. v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998).

[2] Jeter-El was sentenced to serve 70 years' incarceration. ECF No. 4, Exhibit 1 at 13.

More than five years later, on October 11, 2005, Jeter-El filed a second post-conviction petition in the Circuit Court for Prince George's County. *Id*. at 19. On October 29, 2008, the Circuit Court denied relief. *Id*. at 22. On June 29, 2011, the Court of Special Appeals of Maryland rejected his application for leave to appeal the denial of relief; the mandate issued the same day. *Id*.

On June 19, 2012, Jeter-El filed a motion to correct an illegal sentence in the Circuit Court for Prince George's County. *Id*. at 22. That motion remains pending. *Id*.

II.    Analysis

Title 28 U.S. C. § 2244(d)[3] provides a one-year statute of limitations in non-capital cases for those convicted in state court. This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2). *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Gray v. Waters*, 26 F. Supp. 771, 771-72 (D. Md. 1998).

---

[3]This section provides:

> (1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B)     the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)     the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In *Holland v. Florida*, 130 S. Ct. 2549 (2010), the Supreme Court concluded that equitable tolling applies to the statute of limitations for post-conviction petitions filed under § 2254. *Id*. at 2554. Specifically, the Court found that in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. *Id*. at 2562. The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *See Harris v. Hutchinson*, 209 F.3d at 329-30.[4]

Jeter-El believes—erroneously—that the limitations period does not apply to him because he was convicted prior to the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which introduced the current statute of limitations for § 2254 petitions. ECF No. 6 at 2; *see Brown v. Angelone*, 150 F.3d 370, 371-72 (4th Cir. 1998). The judgment of conviction became final for direct appeal purposes in 1992 when the Court of Appeals denied review. *See* ECF No. 4 Ex. 1 at 15. Because his conviction became final prior to enactment of the one-year limitations period provided in AEDPA, Jeter-El's limitations period began to run on April 24, 1996, *see Brown*, 150 at 371-76, and expired on April 24, 1997. *See Hernandez v. Caldwell*, 225 F.3d 435, 438-39 (4th Cir. 2000). Jeter-El did not initiate state post-conviction relief until September 1, 1998, more than a year after the expiration of the limitations period. Therefore, the statute of limitations for § 2254 had expired before state post-conviction proceeds could toll the period.

Even if the Court were to consider the limitations period tolled by the motion for reconsideration (pending from 1991 until August 19, 1999), he fares no better. Jeter-El withdrew his initial post-conviction petition on May 9, 2000, and did not file a second post-conviction petition until October 11, 2005, more than five years later. The one-year statute of limitations would have expired in the interim. Jeter-El does not present any argument favoring equitable tolling in this case. The petition is time-barred under 28 U.S.C. § 2244(d).

Under Rule 11(a) of the Rules Governing Section 2254 Cases "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the

---

[4] *See also Lusk v. Ballard*, No. 2:10cv5, 2010 WL 3061482, at *6 (N.D. W. Va. 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in *Harris*, remains virtually unchanged after *Holland*.)

showing required by 28 U.S.C. § 2253(c)(2)."5   In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484.

Petitioner has not satisfied this standard, and the Court declines to issue a certificate of appealability.   A separate order follows.

$\frac{9/13/12}{\text{Date}}$

William D. Quarles, Jr.
United States District Judge

---

[5] 28 U.S.C. § 2253 permits a certificate of appealability to issue "only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).

4